UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CESAR ALBERT HINOSTROZA VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-06116-KES-HBK (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(A-246-765-572)<br><br>(Doc. 1) |

Before the Court is pro se Petitioner Ryan Cesar Albert Hinostroza Velasquez's writ of habeas corpus under 28 U.S.C. § 2241 docketed on August 3, 2026. (Doc. 1, "Petition"). Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California, and challenges his four-month detention as violating the due process clause of the Fifth Amendment. (*Id*. at 2). As relief, the Petition seeks, *inter alia*, immediate release from custody. (*Id*. at 17).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has

"plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

**1.** No later than **twenty-one (21) days** from the date of entry of this Order, Respondents are **DIRECTED** to respond to the Petition and show cause why the Petition should not be granted.

2. Respondent is **DIRECTED** to electronically file all documents, **in their entirety**, necessary for resolving the issues presented in the petition, including all referenced/relevant portions of Petitioner's A-file and all of the following documents if they were provided to Petitioner: (1) Form I-213, Record of Deportable/Inadmissible Alien, (2) Form I-862, Notice to Appear; (3) Form I-220A, Order of Release on Recognizance; (4) Form I-286, Notice of Custody Determination; (5) any document authorizing parole; and (6) any and all available records documenting and/or detailing the nature of any alleged violations of supervised release as to Petitioner.

**3. Respondent SHALL address the specific statutory authority for Petitioner's detention, and the status of his removal proceedings.**

4. If Respondent files an answer to the petition, Petitioner may file a reply within **seven (7) days** of the date of service of Respondent's answer. If no reply is filed within thirty (30) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **seven (7) days** of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss

---

heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

must be filed within **seven (7) days** after the opposition is served.

6. The Clerk of Court is directed to mail a copy of this order to pro se Petitioner.
7. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.
8. Extensions of time will be granted only upon a showing of good cause.

Dated: August 7, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE